## Summary Memorandum – Emergency Title II ADA and Civil Rights Claims

RECEIVED BY MAIL

JUL 1 0 2025

CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**To:** Hon. Judge Jerry W. Blackwell

**Re:** *Sauve v. State of Minnesota et al.*, Case No. 25-CV-1116

Dear Judge Blackwell,

This memorandum is submitted in support of multiple filings now before your court in *Sauve v. State of Minnesota et al.*, a matter involving grave violations of constitutional rights, Title II of the Americans with Disabilities Act, and procedural due process under 42 U.S.C. § 1983.

The undersigned, a 68-year-old disabled, vulnerable adult Minnesotan and **sole titled owner** of 2026 Highway 23 in Mora, MN, was forcibly evicted **without ever being served with any court order**, in direct violation of **Minn. R. Civ. P. 77(d)** and during the pendency of a properly docketed state appeal.

See *In re Welfare of D.M.D.*, 607 N.W.2d 432, 437 (Minn. Ct. App. 2000) ("A party must be served notice of judgment to trigger enforcement timelines"); see also *State ex rel. Kremin v. Graham*, 287 N.W.2d 386, 387 (Minn. 1979) (service of judgment required to commence appeal deadline).

No formal **unlawful detainer proceeding** was initiated pursuant to **Minn. Stat. §§ 504B.001–504B.371**, and no writ of recovery was served as required under **Minn. Stat. § 504B.365, subd. 1**.

The seizure and removal violated both **procedural due process under the 14th Amendment** and **state statutory protections for lawful occupants and property owners**. Forced removal under color of law, absent judicial process, is unlawful and actionable.

This occurred through the unilateral actions of opposing counsel Benjamin Kaasa, representing Haley Lindstrom (ex-wife), and executed by the Kanabec County Sheriff's Department. Despite Plaintiff's status as a disabled 68 year old vulnerable adult entitled to accommodation under the Americans with Disabilities Act, **no ADA coordinator engaged** and no accommodation was offered, contravening the mandates of *Tennessee v. Lane*, 541 U.S. 509 (2004) and *42 U.S.C. § 12132*.

Attached are filings asserting:

- **Title II ADA violations** – including denial of access to the court system, eFiling systems inaccessible due to disability, and a systemic failure to appoint an ADA coordinator as required under *28 C.F.R. § 35.107(a)*.

- **Due Process violations under the Fourteenth Amendment and § 1983** – Plaintiff was never properly served with the January 31, 2024 eviction order, which renders the underlying enforcement void. See *Goldberg v. Kelly*, 397 U.S. 254 (1970) (right to hearing before deprivation of property), and *Fuentes v. Shevin*, 407 U.S. 67 (1972).

SCANNED
JUL 1 0 2025
U.S. DISTRICT COURT MPLS

- **First Amendment and § 1983 retaliation and obstruction** – Coordinated conduct by state actors and officers of the court interfered with the Plaintiff's right to access the courts. See *Bounds v. Smith*, 430 U.S. 817 (1977) and *Christopher v. Harbury*, 536 U.S. 403 (2002).

- **42 U.S.C. § 1985(3) conspiracy to deprive civil rights**, where state actors and private individuals used judicial processes to effectuate extrajudicial enforcement.

Plaintiff has been rendered homeless, separated from family, including a rehabilitating adult son (returning from Minnesota Teen Challenge), and deprived of access to life-sustaining medical equipment. The record includes sworn affidavits detailing:

1. Emergency Motion for Equitable Relief – requesting a temporary restraining order under *Winter v. NRDC*, 555 U.S. 7 (2008) (showing irreparable harm, likelihood of success, and public interest).

2. Verified Federal Complaint – asserting claims under the ADA, 42 U.S.C. §§ 1983, 1985(3), and Due Process Clause.

3. Verified Mandamus and Possession Filings – seeking emergency possession enforcement under *28 U.S.C. § 1651* and relevant Minnesota possession statutes.

Also submitted:

- **Three rejected 287-page filings**, demonstrating *systematic procedural obstruction* in violation of *Minn. Gen. R. Prac. 14* (eFiling) and Federal ADA obligations.

- **Medical declarations and affidavits** affirming life-threatening consequences of the eviction, including orthopedic decline, medication interruption, and PTSD aggravation (e.g., *Doe v. Reg'l Transit Auth.*, 631 F.3d 86 (1st Cir. 2011)).

This case now implicates the structural integrity of judicial access for vulnerable adults and disabled litigants. Urgent judicial relief is required to prevent further irreparable harm and uphold federal constitutional guarantees.

Respectfully submitted,
June 24, 2025

**/s/ Donald G. Sauve**
Donald G. Sauve, Pro Se
2026 Highway 23
Mora, MN 55051
(320) 630-8143