# 7. LEGAL ARGUMENT OVERVIEW & CASE LAW SYNTHESIS

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RECEIVED BY MAIL
JUL 1 0 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

**Donald Gerard Sauve**,
Plaintiff,

v.

**State of Minnesota; Kanabec County Sheriff's Department; Haley Lindstrom; Benjamin Kaasa, Esq.; Judge Stoney Hiljus; Kanabec County Court Administration,**
Defendants.

Case No.: 25-CV-1116
Judge: Hon. Jerry W. Blackwell

---

## I. OVERVIEW

Mr. Sauve, a 68-year-old disabled sole titled homeowner, has suffered multiple layers of injustice:

- Unlawful seizure of his home without due process during a pending appeal,

- Systemic ADA denial in access to court and filings,

- Parental rights obstructed through Parental Alienation Syndrome (PAS),

- Deep medical and psychological harm to himself and family.

This document distills the legal core of his claims and sets the foundational case law.

SCANNED
JUL 1 0 2025
U.S. DISTRICT COURT MPLS

---

## II. TITLE II ADA VIOLATIONS (42 U.S.C. § 12132; § 504)

- **Tennessee v. Lane**, 541 U.S. 509 (2004): ADA mandates reasonable court-based accommodations—denied to Mr. Sauve.

- **Disabled in Action v. Bd. of Elections**, 752 F.3d 189 (2d Cir. 2014): eFiling-only systems violate ADA without alternatives.

- **28 C.F.R. §§ 35.130–.160**: Require effective communication for disabled persons in state services.

**Claim**: Constructive exclusion due to system inaccessibility and denial of registered-mail services.

---

## III. PROCEDURAL DUE PROCESS & UNLAWFUL SEIZURE (§ 1983)

- **Fuentes v. Shevin**, 407 U.S. 67 (1972): Pre-deprivation hearing required before property loss.

- **Soldal v. Cook County**, 506 U.S. 56 (1992): Landowner seizure without writ = Fourth Amendment violation.
- **Christensen v. Eggen**, 577 N.W.2d 221 (Minn. Ct. App. 1998): Summary eviction applies only to tenants, not owners.

**Claim**: Seizure of primary residence without process violates fundamental rights.

---

## IV. MUNICIPAL LIABILITY & STATE COLLUSION

- **Monell v. Dept. of Soc. Servs.**, 436 U.S. 658, 694 (1978): Officials enforcing illegal private-party demands trigger municipal responsibility.
- **Tucker v. City of Chicago**, 907 F.3d 487 (7th Cir. 2018): Government decisions aiding private requests must comply with due process.

**Claim**: Kanabec County Sheriff's Department acted under private request to deprive rights.

---

## V. PARENTAL RIGHTS & PARENTAL ALIENATION SYNDROME (PAS)

- **Troxel v. Granville**, 530 U.S. 57 (2000): Constitutional protection of parental decision-making.
- **Minn. Stat. § 609.26**: Felony-level interference with parenting time.
- **§ 1983** claim: Custodial interference facilitated by state system.

**Claim**: Children withheld under false OFPs, creating unlawful family separation.

---

## VI. IRREPARABLE HARM

- **Elrod v. Burns**, 427 U.S. 347 (1976): Non-compensable damages warrant emergency relief.
- Permanent loss of housing, family, and medical support necessitate immediate judicial intervention.

---

## VII. EQUITABLE RELIEF & PUBLIC INTEREST

- **Winter v. NRDC**, 555 U.S. 7 (2008): TRO and injunction required to preserve constitutional rights under immediate threat.
- Public interest served by restoring due process, preserving ADA integrity, and protecting family bonds.

## VIII. STRENGTHS & HEIGHTENED RISK ANALYSIS

**Strengths:**

- Convergence of Supreme Court authority,

- Crystal clear constitutional protections,

- Documented, ongoing harm to vulnerable individuals.

**Weaknesses:**

- Pro se posture may limit procedural follow-through—mitigated by urgency and direct statutory rights.

## IX. PATH FORWARD & RECOMMENDATIONS

1. **Emergency hearing** within 7 days for preliminary injunction and TRO.

2. **Appointment of ADA coordinator** and service mechanism change to Registered Mail.

3. **Custody reinstatement efforts or federal guardian appointment**, given PAS risk.

4. **Federal oversight of housing restoration** pending appeal and DOJ review.

Here are the legal citations and their relevance from the **Legal Argument Overview & Case Law Synthesis** document, fully compiled:

## I. ADA VIOLATIONS – ACCESS DENIAL

- **Tennessee v. Lane**, 541 U.S. 509 (2004): Courts must provide meaningful access to individuals with disabilities. The case held Title II of the ADA validly applies to state court systems.

- **Disabled in Action v. Bd. of Elections**, 752 F.3d 189 (2d Cir. 2014): Systems excluding disabled persons through inaccessible technology (e.g., eFiling without alternatives) violate ADA mandates.

- **28 C.F.R. §§ 35.130–.160**: These implementing regulations require state entities to ensure effective communication and accommodation for qualified individuals with disabilities.

## II. PROCEDURAL DUE PROCESS – PROPERTY SEIZURE

- **Fuentes v. Shevin**, 407 U.S. 67 (1972): Due process mandates notice and opportunity to be heard before the government seizes property.

- **Soldal v. Cook County**, 506 U.S. 56 (1992): Landowners have a Fourth Amendment right against unreasonable seizures—even if no accompanying deprivation of ownership occurs.

- **Christensen v. Eggen**, 577 N.W.2d 221 (Minn. Ct. App. 1998): Summary eviction cannot be used against titled property owners; must proceed via appropriate civil channels.

## III. GOVERNMENT COLLUSION WITH PRIVATE ACTORS

- **Monell v. Dept. of Social Services**, 436 U.S. 658, 694 (1978): Municipal entities are liable where policies or practices result in constitutional violations.

- **Tucker v. City of Chicago**, 907 F.3d 487 (7th Cir. 2018): Local governments must not act as enforcers of private party evictions absent lawful procedure.

## IV. PARENTAL RIGHTS & PAS

- **Troxel v. Granville**, 530 U.S. 57 (2000): Recognized the fundamental right of parents to the care and custody of their children under the Fourteenth Amendment.

- **Minn. Stat. § 609.26**: Criminalizes custodial interference, especially when tied to deceit or OFP abuse.

- **42 U.S.C. § 1983**: Enables suits against state actors who violate constitutionally protected parental rights through systemic or collusive acts.

## V. IRREPARABLE HARM & INJUNCTIVE RELIEF

- **Elrod v. Burns**, 427 U.S. 347 (1976): Loss of constitutional freedoms—even briefly—constitutes irreparable injury.

- **Winter v. NRDC**, 555 U.S. 7 (2008): Establishes standards for injunctive relief—harm, likelihood of success, public interest.