UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DONALD GERARD SAUVE,

Plaintiff,

v.

HALEY MARIE SAUVE; BENJAMIN
KAASA; JUDGE STONEY HILJUS (in
individual capacity); OFFICERS DOES 1–
10; and CIVILIAN JOHN AND JANE
DOES,

Defendants.

Case No. 25-CV-2816 (PJS/LIB)

ORDER

Donald Gerard Sauve, *pro se*.

Plaintiff Donald Gerard Sauve was involved in extremely contentious divorce

proceedings in state court. Unhappy with the outcome of those proceedings, Sauve

filed this federal action against his ex-wife, her attorney, and the judge who presided

over the proceedings, essentially seeking to relitigate his divorce in federal court. For

the reasons explained below, the Court dismisses this action and denies Sauve's IFP

application as moot.

I.     BACKGROUND

As noted, this action arises out of state divorce proceedings involving Sauve and

his ex-wife, defendant Haley Marie Sauve ("Haley"). According to the complaint,

Haley's attorney, defendant Benjamin Kaasa, had certain state-court orders served on Sauve by a sheriff instead of by a court administrator, which the complaint alleges was procedurally improper. Compl. at 3. The complaint further asserts that during the divorce proceedings, defendant Judge Stoney Hiljus "struck [Sauve's] pleadings, denied emergency relief, and refused [Americans with Disabilities Act] accommodations." *Id.*

The complaint further recounts that on March 2, 2025, numerous individuals (some apparently law-enforcement officers, others apparently not) entered Sauve's property in Mora ("Property") while Sauve was "recovering from surgery" and medicated. *Id.* The complaint alleges that this group of individuals "disabled cameras," mocked Sauve, removed him from the premises, and confiscated his personal property (including his service dog). *Id.* The complaint contends that no valid eviction order or writ authorized these actions; instead, according to the complaint, Kaasa's (mis)handling of the service of the relevant paperwork meant that Sauve never received notice or a meaningful opportunity to be heard before he was evicted. *See id.*

The complaint further alleges that, after Sauve was evicted from the Property, he lost access to in-home nursing, "Meals on Wheels" deliveries, and unspecified "medical services." *Id.* The complaint also alleges that Haley later refused to sign a quitclaim deed, and that Haley's refusal prevented Sauve from pursuing a mortgage he hoped to obtain on the Property. *Id.* Finally, the complaint accuses Haley of a prolonged campaign of "parental alienation" against the couple's minor children. *See id.* at 5.

Based on these allegations, the complaint asserts claims against Haley, Kaasa, Judge Hiljus (in his individual capacity only), and several unnamed individuals. *Id.* at 1. It lists five counts. *Id.* at 3–4. Count I alleges violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.[1] *Id.* at 3. Count II, brought under 42 U.S.C. § 1983, claims a "Due Process Deprivation." *Id.* at 4. Count III alleges that the defendants violated 42 U.S.C. § 1985(3). *Id.* Count IV asserts claims for trespass and conversion. *Id.* And Count V alleges constructive fraud and abuse of process. *Id.* The complaint's introduction also appears to assert a claim for intentional infliction of emotional distress. *Id.* at 1.

For relief, the complaint asks for, among other things, declaratory and injunctive relief returning Sauve to the Property, preventing any transfer of title to the Property, compelling Haley to execute a quitclaim deed, awarding him "full legal and physical custody" of his and Haley's children, and referring Haley for possible criminal prosecution. *Id.* at 4-5. He also asks for compensatory and punitive damages. *Id.* at 4.

---

[1] Although Count I does not expressly mention it, the Complaint also cites the Rehabilitation Act, 29 U.S.C. § 794. *See* Compl. 1. The Court will therefore treat Count I as including claims under the Rehabilitation Act.

II.     ANALYSIS

*A.      Standards of Review*

Sauve did not pay this action's filing fee, but instead submitted an IFP application.[2] Under the federal statute governing IFP cases, a "court shall dismiss [an IFP matter] at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[] or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).

When evaluating whether a complaint states a claim on which relief may be granted, a court must treat the complaint's factual allegations as true and grant the plaintiff every reasonable inference.  *See Perez v. Does 1–10*, 931 F.3d 641, 646 (8th Cir. 2019).  A complaint need not provide exhaustive detail, but it must "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Put differently, a complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  Courts read *pro se* complaints such as Sauve's liberally, but even those complaints must plead enough facts to lend plausibility to the complaint's claims.  *Sandknop v. Mo. Dep't of Corrs.*, 932 F.3d 739, 741–42 (8th Cir. 2019).

---

[2] The Court notes that Sauve's IFP application refers to a "sworn declaration of financial hardship."  ECF No. 5.  The Court has been unable to locate such a declaration in Sauve's voluminous filings.

Further, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a federal court must dismiss a case whenever the court concludes that it lacks subject-matter jurisdiction.

B.   *Sauve's Voluminous Filings*

Sauve's complaint was part of more than 270 pages of documents that Sauve filed on July 10, 2025. Court staff later determined that Sauve's submission contained over 50 separate filings. Some of Sauve's submissions appear to be motions, others look like certificates of one sort or another, and still others seem intended to update the Court on a separate case that Sauve filed in this District (which has been dismissed).[3] A review of Sauve's papers suggests that Sauve expects the Court to consider every page in deciding whether his complaint states a claim on which relief can be granted.

Sauve misunderstands the litigation process. Crafting a viable complaint is Sauve's responsibility, not the Court's. Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain, among other things, a "short and plain statement of the claim showing that the pleader is entitled to relief." A litigant cannot dump hundreds of pages of documents on a court and expect the court to sift through them to find facts or arguments that might support claims against a defendant. *See, e.g., Shortymacknifisent v.*

---

[3] In that earlier case, Sauve sued only Haley. *Sauve v. Lindstrom*, No. 25-CV-1116 (JWB/LIB) (D. Minn.). U.S. District Judge Jerry W. Blackwell dismissed the action for lack of subject-matter jurisdiction. *See* Order 1, *Sauve v. Lindstrom*, No. 25-CV-1116 (JWB/LIB) (D. Minn. Apr. 10, 2025) ("April 2025 Order").

*Hunter*, No. 22-CV-0766 (DSD/BRT), 2022 WL 17546559, at *3 n.7 (D. Minn. Nov. 18, 2022) (citing cases), *report and recommendation adopted*, 2022 WL 17485553 (D. Minn. Dec. 7, 2022).  The Court will assess the viability of Sauve's complaint based solely on the allegations made in that complaint.

C.      *Jurisdiction Over Certain Relief Requests*

As noted above, Sauve asks this Court to grant him "full legal and physical custody" of the minor children he shares with Haley.  Compl. 5.  He also seems to ask this Court to change the property distribution ordered by Judge Hiljus in the divorce proceedings.  *See id.* at 4.  Unfortunately for Sauve, however, this Court does not have authority to change the terms of his divorce from Haley, including the child-custody and property-division determinations made by the state court.  If Sauve believes that Judge Hiljus entered an improper order, Sauve must challenge that order by appealing it to the Minnesota Court of Appeals, and, if necessary, seeking further review in the Minnesota Supreme Court and United States Supreme Court.  This Court cannot help him.

Under what is known as the "domestic-relations exception," federal courts lack the power to issue or change divorce, alimony, or child-custody decrees.  *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).  The United States Court of Appeals for the Eighth Circuit has explained that even when a plaintiff does not frame his claims as relating to family law, a federal court must nevertheless decline jurisdiction if those claims are

"inextricably intertwined" with a state case involving child custody or postdivorce property division. *See Wallace v. Wallace*, 736 F.3d 764, 767 (8th Cir. 2013) ("This [intertwinement] occurs where the federal suit involves a remedy which is essentially domestic—where, in addressing the same conduct involved in a state domestic proceeding, the effect of a remedy in the federal suit is to modify, nullify, or predetermine the domestic ruling of the state proceeding." (citing *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994))).

To be sure, Sauve seeks some relief that would not conflict with actual or potential state-court family-law rulings (e.g., monetary damages for alleged violations of his rights). But when Sauve asks for an order redefining child-custody arrangements or postdivorce property division, he seeks relief that this Court does not have the power to grant. The Court therefore dismisses the complaint to the extent that it seeks modification of any child-custody or property-distribution order entered by a state court.

### D.     *Judicial Immunity*

The Court next addresses Sauve's claims against Judge Hiljus. The complaint does not say which counts apply to each defendant. The Court will therefore assume that Sauve intends to assert every claim and seek every requested form of relief against every defendant, including Judge Hiljus.

The doctrine of judicial immunity bars Sauve's damages claims against Judge Hiljus. Judges are absolutely immune from civil suits seeking damages for their judicial acts. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991). This immunity has two (very narrow) exceptions: It does not extend to nonjudicial acts or to actions taken in the complete absence of all jurisdiction. *Id.* at 11–12. Neither exception applies here, however, because Sauve challenges decisions that Judge Hiljus made as the presiding judge in a state-court proceeding over which he had jurisdiction.

That leaves Sauve's request for injunctive relief against Judge Hiljus. Sauve appears to seek injunctive relief under § 1983, but § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.[4] The complaint alleges neither that Judge Hiljus violated a declaratory decree nor that declaratory relief was unavailable to Sauve in state court. The Court therefore dismisses with prejudice all claims against Judge Hiljus for damages or for injunctive relief under § 1983.

---

[4] This portion of § 1983 does not shield judges from injunctive relief sought under other federal statutes. As explained below, though, Sauve fails to state a claim under any other federal statute.

    *E.*     *Claims Under the ADA and the Rehabilitation Act*

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Similarly, the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency . . . ." 29 U.S.C. § 794(a).

Sauve's claims under both statutes face an immediate and fatal hurdle:  The complaint names only *individual* defendants.  *See generally* Compl. 1.  But liability can be imposed under 42 U.S.C. § 12132 and 29 U.S.C. § 794 only against *entities*, not against individuals.  *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010) (no individual liability under Title II) (citing *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n.8 (8th Cir. 1999) (en banc)); *Layton v. Elder*, 143 F.3d 469, 472 (8th Cir. 1998) ("The rights, procedures, and enforcement remedies under Title II are the same as under [§ 794(a)]." (citing *Pottgen v. Mo. State High Sch. Activities Ass'n*, 40 F.3d 926, 930 (8th Cir. 1994)).  The Court therefore dismisses the Sauve's claims under the ADA and the Rehabilitation Act.

*F.    Claims Under 42 U.S.C. § 1983*

To state a claim under § 1983, a plaintiff must allege two things: (1) that a right protected by the Constitution or federal law was violated and (2) that the defendant committed the violation while acting under color of state law. *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013) (citing *Lind v. Midland Funding, L.L.C.*, 688 F.3d 402, 405 (8th Cir. 2012)).

The second element defeats Sauve's § 1983 claims against Haley and Kaasa. Both are private individuals, and § 1983 does not cover private conduct, no matter how wrongful. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)); *Campbell v. Reisch*, 986 F.3d 822, 824 (8th Cir. 2021).

That said, courts can treat private parties as state actors when private individuals conspire with government officials to violate a plaintiff's federal rights. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 651 (8th Cir. 2008). But to plead that a private party acted under color of state law through a conspiracy, a plaintiff must allege specific facts showing a mutual understanding or plan between the private actor and a government official. *See Magee v. Trs. of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014). As best as the Court can tell, the complaint nowhere alleges that Haley or Kaasa had any agreement with any government official. Without that link, Sauve has not stated a § 1983 claim against Haley or Kaasa. The Court therefore dismisses without prejudice any § 1983 claims against those defendants.

G.    *Claims Under 42 U.S.C. § 1985(3)*

In general, § 1985(3) allows a civil action against two or more persons who, acting with class-based discriminatory animus, conspire to deny someone equal protection of the laws and commit an overt act to advance that conspiracy.  To state such a claim, a plaintiff must allege that "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action."  *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (cleaned up).

As a threshold issue, Sauve provides no details about the alleged bias at issue here.  All he states is that "Kaasa, [Haley], and others conspired to deprive plaintiff of rights."  Compl. 4.  The Court's best guess is that Sauve attributes the alleged conspiracy to disability-based animus.  But courts are divided on whether disability bias can support a § 1985(3) claim, and the Eighth Circuit has yet to resolve the issue.  *See, e.g.*, *McCabe v. Macaulay*, 450 F. Supp. 2d 928, 946 (N.D. Iowa 2006) (discussing Eighth Circuit cases addressing § 1985(3)'s scope); *Post v. Trinity Health-Mich.*, 44 F.4th 572, 580 (6th Cir. 2022) (noting circuit split on issue).

Even assuming that disability-based animus can support a § 1985(3) claim, Sauve's claim must nevertheless be dismissed.  As explained above, the complaint does not plead any facts that would make plausible any allegation of a conspiracy.  In particular, the complaint does not identify a single communication in which a defendant agreed with another person to violate Sauve's rights, and provides no reason

to believe that defendants were at any time animated by animus based on disability. (To the contrary, the complaint suggests that, to the extent that Haley or her attorney had animus against Sauve, that animus had nothing to do with his disabilities.)  The complaint therefore fails to state a § 1985(3) claim.

### H.     Supplemental Jurisdiction

What remains of the complaint are state-law claims, such as claims for trespass, conversion, and intentional infliction of emotional distress.  Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine will point toward declining to exercise jurisdiction over the remaining state-law claims." *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (cleaned up).  This guidance plainly applies here.  The Court declines to exercise supplemental jurisdiction over Sauve's state-law claims.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.     Plaintiff's complaint [ECF No. 1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction to the extent it requests that this

12

Court alter child-custody arrangements or the postdivorce division of property between plaintiff and defendant Haley Marie Sauve.

2. The complaint is DISMISSED WITH PREJUDICE, based on judicial immunity, to the extent it brings claims for damages against defendant Stoney Hiljus, or claims for injunctive relief against Judge Hiljus under 42 U.S.C. § 1983.

3. The complaint is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2), for failure to state a claim, to the extent it brings claims against defendants under the Americans with Disabilities Act or the Rehabilitation Act.

4. The complaint is DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2), for failure to state a claim, to the extent it brings (a) claims under 42 U.S.C. § 1983 against defendants Haley Marie Sauve or Benjamin Kaasa or (b) claims under 42 U.S.C. § 1985(3).

5. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. Those claims are DISMISSED WITHOUT PREJUDICE.

6.     Plaintiff's motion to proceed in forma pauperis, ECF No. 5, is

       DENIED as moot, as are all of plaintiff's other pending motions.

       ECF Nos. 10–12, 16, 18–19, 21, 39, and 52.


7.     The filing restriction [ECF No. 57] is LIFTED.


LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 18, 2025                 /s/ Patrick J. Schiltz
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court