UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD GERARD SAUVE, | Case No. 25-CV-2816 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| HALEY MARIE SAUVE, also known as Haley Marie Lindstrom; BENJAMIN KAASA; JUDGE STONEY HILJUS, in his individual capacity; OFFICERS DOES 1-10; and CIVILIAN JOHN AND JANE DOES, | |
| Defendants. | |

The Court summarily dismissed this action several weeks ago. *See* ECF No. 59. In the meantime, plaintiff Donald Gerard Sauve has continued to bombard the Court with documents. Sorting through these documents has been nearly impossible, not only due to their volume (which is considerable), but because of the disorganized way in which the documents have been presented.[1] None of the documents has included a notice of appeal or motion for post-judgment relief; instead, Sauve has simply

---

[1] Only a fraction of the post-judgment documents received by the Court have been docketed in this matter. See ECF Nos. 61–73. Countless other documents have been returned to Sauve by court staff due to inability to discern Sauve's intentions. For example, nearly every document sent by Sauve to the Court is labeled with multiple case numbers, some of which are cases to which Sauve is not even a party.

continued to send document after (computer-generated) document—motions, notices, exhibits, letters, and much else—as though this lawsuit had never been dismissed.

There is no good reason for Sauve to continue attempting to file documents in this matter. His complaint has been dismissed. The time for Sauve to file a notice of appeal has passed. *See* Fed. R. App. P. 4(a). This case is over. Meanwhile, Sauve's post-judgment conduct is imposing considerable costs upon the Court—both costs in time spent sorting through the documents and attempting to divine Sauve's intentions and costs in money spent returning the voluminous documents to Sauve when the Court has been unable to determine Sauve's intent, as so often has been the case.

The Court previously restricted Sauve from filing documents in this matter while his complaint was undergoing preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 57. That restriction was lifted upon dismissal of this matter, largely so that Sauve could appeal from the judgment. Because Sauve can no longer appeal from the judgment in this matter, the filing restriction previously imposed upon Sauve will now be reimposed.

Sauve is warned: Any documents sent to the Court by Sauve in this matter will not be docketed and will not be returned; instead, those documents will be shredded without any additional notice to Sauve. Likewise, any document sent to the Court by Sauve in connection with another case that is not (1) clearly labeled with (2) a single case number (3) of a proceeding in this District (4) to which Sauve is a party will not be

docketed, will not be returned to Sauve, and will be shredded without additional notice to Sauve.[2]

Finally, among the documents most recently submitted by Sauve are a "petition for oversight and emergency hearing" [ECF No. 61], a "motion to transfer lis pendens proceeding to a neutral venue in the interest of justice and to enforce federal disability rights" [ECF No. 63], and a "motion to compel education records" [ECF No. 64]. All three motions are denied because this case has already been dismissed and the time to appeal has run.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.  Plaintiff Donald Gerald Sauve is RESTRICTED from filing documents in this matter. Any documents sent to the Court by Sauve in this matter will be shredded; those documents will not be docketed and will not be returned to Sauve. Moreover, any document sent to the Court by Sauve in another matter that is not clearly labeled with a single case number of a

---

[2] This restriction does not apply to any attempt by Sauve to initiate a *new* proceeding in this District. That said, Sauve has already been required to obtain judicial authorization before initiating new litigation in the District of Minnesota. *See Sauve v. Kanabec Cnty.*, No. 25-CV-3694 (PJS/LIB), ECF No. 21 at 17–18 (D. Minn. Oct. 15, 2025). That parallel restriction remains in effect.

proceeding in this District to which Sauve is a party will be shredded; the document will not be docketed and will not be returned to Sauve.

2.      Sauve's pending motions [ECF Nos. 61, 63 & 64] are DENIED.

Dated: November 7, 2025                            /s/ Patrick J. Schiltz
                                              Patrick J. Schiltz, Chief Judge
                                              United States District Court